**SO ORDERED.**

**SIGNED June 08, 2007.**



_____
**HENLEY A. HUNTER
UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO:06-80140** |
|     **LEO T. CAGE** | |
|         **(Debtor)** | |
| | |
| **KAREN D. FONTENOT, Individually and on behalf of,** | |
| **ISAAC DWAYNE FONTENOT** | |
| **CHELSAE NICOLE FONTENOT** | **ADVERSARY NO. 06-8033** |
|         **(Plaintiffs)** | |
| **VERSUS** | |
| | |
| **LEO T. CAGE** | |
|         **(Defendant)** | |

**REASONS FOR DECISION**

This matter comes before the Court on Defendant's Motion for Summary Judgment. This is a Core Proceeding pursuant to 28 U.S.C. §157(b)(2)(I). This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and by virtue of the reference from the District Court pursuant to Local District Court Rule 83.4.1 incorporated into Local Bankruptcy Rule 9029.3. No party at interest has sought to withdraw the reference to the bankruptcy court, nor has the District Court done so on its own motion. This Court makes the following findings of fact and conclusions of law in accordance with

Federal Rule of Bankruptcy Procedure 7052. Pursuant to these reasons, the Motion for Summary Judgment is GRANTED.

**Findings of Fact**

Debtor filed a voluntary petition under Chapter 7 on March 14, 2006. Prior to the date of filing, on October 23, 2005, debtor/defendant was involved in a motorcycle accident that caused injuries to Mr. Mac Shane Fontenot, who was hospitalized and died about two weeks after the accident. Criminal charges of reckless operation of a vehicle, failure to wear a helmet, and failure to maintain insurance have been and are still pending against the defendant in connection with that accident. Plaintiffs filed a petition for damages in the 27th Judicial District Court, St. Landry Parish, asserting a claim for wrongful death arising from the accident. (Petition for Damages, Exhibit "1" to the Motion for Relief From Stay, Doc. no.6 in the related case.) That petition alleges the following:

> The said accident was caused by the negligence of defendant, LEO T. CAGE, which consisted primarily of but not limited to the following acts of omissions and/or commissions, to wit:
> a. Failing to keep a proper lookout;
> b. Failing to keep his vehicle under proper control;
> c. Failing to maintain the motorcycle in a safe and operable condition;
> d. Failing to yield the right of way;
> e. Operating his motorcycle at an unsafe speed;
> f. Racing his motorcycle on a City street;
> g. Failing to see what he should have seen and do what he should have done in order to prevent the accident sued upon herein;
> h. Other acts of negligence to be shown at the trial on the merits.

*Id.*

Plaintiffs filed this complaint on June 30, 2006, seeking a judgment of non-dischargeability

2

on the basis of 11 U.S.C. §523(a)(6) and (a)(9). Defendant filed the instant motion for summary judgment, and among other exhibits, provides as evidence in support of that motion, the following. On page six of the accident report, the attending officer notes in a pre-printed option box, "Neither alcohol nor drugs" appeared to be a contributing factor to the accident. Further, Exhibit "B" to the defendant's motion for summary judgment is his own affidavit, which states, "That [he] did not do any acts during or before the accident that were intended to cause any injury to any person, specifically, Mac Shane Fontenot," "that he did not cause any death or personal injury in the accident by reason of any operation of a motor vehicle while he was intoxicated from using alcohol, a drug, or other substance," and "that he did not do any wilful or malicious acts to cause any harm to any person in the accident, specifically, Mac Shane Fontenot." (Exhibit B.)

**Applicable Law and Analysis**

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings pursuant to Bankruptcy Rule 7056, provides in pertinent part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate only if the movant demonstrates that there are no genuine issues of material fact and that it is entitled to a judgment as a matter of law. F.R.C.P. 56(c); *H.R. Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 4/8/2003). If the moving party meets its burden, the non-movant must designate specific facts showing there is a genuine issue for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)(en banc).

In support of this motion, and in satisfaction of Uniform Local Rule 56.1, defendant has filed

3

a statement of uncontested material facts, which state in pertinent part: "As a result of the accident, the debtor was issued several citations for operation of a motor vehicle. None of the citations related to the unlawful operation of a motor vehicle because the debtor was intoxicated from using alcohol, drugs or other substance." Defendant contends that under these undisputed facts, he is entitled to judgment as a matter of law. Plaintiffs have alleged the debt incurred as a result of the accident is non-dischargeable under both §523(a)(6) and (a)(9). In opposing the motion for summary judgment, plaintiffs failed to file a separate statement of disputed facts as required by Uniform Local Rule 56.2. It is important to note that a party opposing summary judgment may not rest on mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence, specific facts showing the existence of a genuine issue for trial. *Ragas v. Tennessee Gas Pipeline Co.*, 266 F.3d 343 (5th Cir. 2001).

**§523(a)(6)**

Section 523(a)(6) provides: "(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . (6) for willful and malicious injury by the debtor to another entity or to the property of another entity." The burden of proof in objections to dischargeability of particular debts is the preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 St. Ct. 654 (1991); *Matter of Beaubouef*, 966 F.2d 174 (5th Cir.1992). The plaintiff's complaint herein alleges that the debtor caused willful and malicious injury and the resulting death of Mac Shane Fontenot. No more specific allegations are asserted. The state court petition for damages focuses exclusively on *negligent* conduct in operating the motorcycle, as noted above. *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974 (1998) held that

4

negligent or reckless acts do not suffice to establish that a resulting injury is "wilful and malicious," citing, *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 332, 55 S.Ct. 151 (1934). "The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. at 61.

At the outset, the Court noted at the hearing on this motion, and counsel for both parties agreed, that the pending criminal charge for failure to wear a helmet had no bearing on the plaintiff's complaint herein. With respect to the failure to maintain insurance, this Court is unaware of any holding in the Western District of Louisiana or the Fifth Circuit concluding that the failure to maintain insurance *vel non* justified a holding in favor of the secured creditor or any similarly situated lender under §523. Rather, the Court relies on the holdings to the contrary in *Broussard v. Fields*, 203 B.R. 401 (Bankr.M.D.La. 12/1/3/96) and *Gene Koury Auto v. Westmoreland*, 99-2020 (Bankr.W.D.La. 1/3/01)(unreported), *affirmed*, (W.D. La. 01-341 (4/19/01)(unreported), *affirmed*, (31 Fed. Appx. 838, 5th Cir. 1/30/02), and has held to that effect in another case, *Old Spanish Trail Credit Union v. Sexton*, Adversary No. 03-8042.[1]

Next, is the plaintiff entitled to relief under §523(a)(6) for the acts of the defendant, other than the failure to maintain insurance? The case of *Cottonport Bank v. Reason*, 255 B.R. 829

---

[1] It should be noted that the original Fifth Circuit opinion in *Corley v. Delaney*, 97 F.3d 800 (5th Cir. 1996), discussed at length in *Broussard*, adopts the 11th Circuit opinion in *In re Walker*, 48 F.3d 1161 (11th Cir. 1995), which held that the failure to statutorily required worker's compensation insurance did not amount to "wilful and malicious injury" under §523(a)(6). *Broussard* dealt with the debtor's failure to maintain liability insurance on a vehicle. The instant case deals with the failure to maintain collision coverage to protect the interest of the lender.

5

(Bankr. W.D. La. 2000) is helpful in showing what it takes to establish intentional injury. There, the debtor engaged in a series of pre-petition action involving the lender's collateral, including removing fixtures and inventory from a store. The lender had a security interest on the items. Reason then filed a Chapter 7 petition and agreed to surrender his home, on which the lender also had a mortgage, to the lender. Nevertheless, he removed a metal storage building from the realty, leaving only a slab, and removed a light pole from its concrete base and light fixtures and ceiling fans from the home. The most important factor in establishing the debtor's intent to injure the creditor was the fact that the debtor left a sign posted at the home, expressing his animus toward the lender in profane terms, visible from the road, reading "F*** The Cottonport Bank and Dwayne LaCour." *Cottonport Bank v. Reason*, 255 B.R. 829 (Bankr. W.D. La. 2000), Adversary no. 00-8014, *Exhibit P-11* (Expletive deleted). Then, adding injury to insult, he held a garage sale to dispose of items removed from both the residence and the store. This court held that the lender was entitled to relief under both 11 U.S.C. §727(a)(2)(A) and 11 U.S.C. §523(a)(6). In a footnote, this Court noted that the evidence clearly indicated Reason's intention to "deprive Cottonport of its collateral by any means at his disposal." *Reason*, 255 B.R. at 833.

In this matter, the conduct alleged by the Fontenots in both the state court petition for damages and the instant complaint simply does not rise to the level that would justify recovery under that section, for debts arising from injuries that were recklessly or negligently inflicted do not fall within the §523(a)(6) exception to the discharge. *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974 (1998). Counsel to the plaintiffs offered no supporting affidavit, did not file the separate statement of disputed facts, and admitted at the hearing on this motion that he failed to file the deposition of

6

any witness to the accident, which may or may not have supported the assertion that there is a genuine issue of material facts as to the debtor's intent to cause harm to the plaintiffs. Put another way, there is no proof of either an objective substantial certainty of harm or a subjective motive to cause harm required by the Fifth Circuit test for "willful and malicious injury." *Miller vs. Abrams*, 156 F.3d 598 (5th Cir. 1998).

**§523(a)(9)**

Plaintiffs also assert their claim against the debtor is non-dischargeable under §523(a)(9), which excepts from discharge a debt for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol or drugs. This allegation is also made simply by tracking the language of the statute: "In addition, the FONTENOTS aver, that the death of Mac Shane Fontenot was caused by LEO T. CAGE'S operation of a motor vehicle which operation was unlawful because LEO T. CAGE was intoxicated from using alcohol, a drug or another substance." (Complaint, Doc. no1.) It is here that plaintiff fails to set forth and support by summary judgment evidence, specific facts showing the existence of a genuine issue for trial, but rests on mere allegations contained in the pleadings in opposition to the standard set forth in *Ragas v. Tennessee Gas Pipeline Co.*, 266 F.3d 343 (5th Cir. 2001). In opposing the motion, plaintiffs point to two depositions of the debtor in which, in answer to all questions regarding the accident, he avails himself of the Fifth Amendment protection against self-incrimination because there are pending criminal charges, namely, reckless operation of a vehicle, failure to wear a helmet, and failure to maintain insurance, which have yet to reach the point of true bill or indictment. Plaintiff opines that an adverse inference may be drawn in favor of the

7

plaintiffs from the debtor's reliance on the Fifth Amendment. "The invocation of the Fifth Amendment in civil proceedings may be the subject of an adverse inference." *In re: Cunningham*, — B.R. —, 2007 WL 1053435 (Bankr.D.Mass. 4/6/2007), citing, *In re Taylor Agency*, Inc., 281 B.R. 354, 359 (Bankr.S.D.Ala.2001)(citing *Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S.Ct. 1551, (1976)). *See also General Motors Acceptance Corp. v. Bartlett* (*In re Bartlett*), 154 B.R. 827, 830 (Bankr.D.N.H.1993)("adverse inferences may be drawn at the summary judgment stage as well as at trial").

However, the Court adopts the recent holding of *In re: Cunningham*, wherein that court maintained that the adverse inference could not be drawn in the absence of any other evidence to support the allegation. *In re: Cunningham*, — B.R. —, 2007 WL 1053435 (Bankr.D.Mass. 4/6/2007). In that case, the father of a deceased stabbing victim brought a §523(a)(6) action against the stabber, who maintained the injuries were negligently inflicted. The complaint in that case alleged the debtor had "negligently, recklessly and/or intentionally and without justification" stabbed the victim and thereby caused his death. The debtor consistently availed himself of the Fifth Amendment protection in discovery and at trial with respect to any questions concerning the stabbing incident. The plaintiffs herein and the plaintiff in the Cunningham matter relied on *In reVrusho*, 321 B.R. 607 (Bankr.N.H. 2005). But in doing so, in his own motion for summary judgment, the father sought to draw an adverse inference from the debtor's assertion of the Fifth Amendment in support of his non-dischargeability complaint, the Cunningham court stated:

> Unlike the decision in *Vrusho* where there was circumstantial evidence in support of the discharge exception in addition to the adverse inference to be drawn from the assertion of the Fifth Amendment privilege, this Court finds that the only evidence

8

> submitted by Beland was the agreement pursuant to which Cunningham admitted that he negligently *caused* Jason Beland's death. Beland submitted no evidence of willfulness or malice. Moreover, the Court finds that the Debtor produced sufficient evidence to rebut any conclusion based upon the adverse inference to be drawn from his assertion of his Fifth Amendment privilege. The decision of the District Court that there was no probable cause for criminal proceedings after a two-day trial is probative that the Commonwealth could not establish the requisite intent to the murder.

*In re: Cunningham*, 2007 WL 1053435, p.10. Such is the case at bar. Not only has the plaintiff failed to assert even the existence of circumstantial evidence to support its complaint under §523(a)(9), but further, the accident report of the attending officer, as noted above, states "Neither alcohol nor drugs" appeared to be a contributing factor to the accident, and the defendant's motion is supported by his affidavit stating that he did not cause any death or personal injury in the accident by reason of any operation of a motor vehicle while he was intoxicated from using alcohol, a drug, or other substance." (Exhibit B.) In the absence of any evidence of a controverted fact tending to support the allegation under §523(a)(9), the opposition to the defendant's motion for summary judgment must fail.

This Court also notes that counsel to the plaintiff requested that the adversary proceeding be held in abeyance indefinitely pending resolution of the criminal charges against the defendant in St. Landry Parish, and that request is denied. Regardless of the outcome of the criminal proceedings, once resolved, the plaintiff could file a motion to compel the testimony of the defendant with respect to questions about the accident, to which the defense of the Fifth Amendment would no longer apply. However, the affidavit filed by the debtor in support of this motion reveals the outcome of that line of questioning, i.e., he has already stated that he did not cause any death or personal injury

9

in the accident by reason of any operation of a motor vehicle while he was intoxicated from using alcohol, a drug, or other substance. To postpone the discovery period indefinitely solely for the purpose of asking that question of the debtor, while to date, plaintiff has failed to assert the existence of any other evidence, witness deposition, etc., would be an exercise in futility.

## CONCLUSION

Accordingly, the Motion for Summary Judgment is **GRANTED.** A separate and conforming Order shall be entered.

# # #